# Dehon Estate

*Joseph Knox Fornance* and *W. Horace Hepburn*, for appellant.

*Paul P. Wisler*, for Commonwealth.

HOLLAND, P. J., April 18, 1951.—On May 31, 1947, decedent, Jules Dehon, conveyed to his son, Bornot Dehon, all the real estate described and designated in paragraph 6(a) of the appeal, valued by the Commonwealth in the aggregate sum of $248,284. This real estate has been included in the appraisement for transfer inheritance tax purposes by the Commonwealth on the ground that it was conveyed in contemplation of death. Bornot Dehon, the trustee of the residue under decedent's will, denies this and takes this appeal, contending that this real estate should be eliminated from the appraisement and not considered a part of decedent's estate for tax purposes. The question is as to whether this real estate was so conveyed by decedent in contemplation of his death.

Jules Dehon, decedent, was born September 9, 1866, so that on November 30, 1947, when he died, he was over 81 years of age. He had retired from business about 20 years theretofore, sometime in 1927, and

since that time until his death looked after his investments, real and personal. He had an office in the Fox Building in Philadelphia where he spent some of every day managing his personal affairs and investments. He continued to go to this office up to about a month before his death. Over the years, notably 1935, 1937, 1939, 1946, and 1947 (the year in which the property in question was conveyed), he made substantial gifts and settlements to and for his son, Bornot Dehon, and his granddaughter, the daughter of his son, Bornot.

His physician from October 1943 until his death in November 1947 was Dr. Oscar T. Wood. Decedent visited him regularly for a check-up and was in good health until January 19, 1945, when he showed some indication of undernourishment. At that time the doctor put him in the hospital for gastrointestinal studies and studies of blood, heart and chest. These studies showed no serious symptoms. He continued to have regular checks made by this physician periodically and had no particular complaint until July 1947, when he had difficulty swallowing. On examination, the diagnosis was lesion of the lower end of the esophagus caused by the developing of grade one carcinoma. The immediate cause of his death, November 30, 1947, was rupture of the esophagus. He continued to go about and take care of his affairs up to about a month before his death. He was never informed of his condition, but the responsible members of his family were, principally his son, Bornot Dehon.

Under these circumstances it could not be said that he made this conveyance on May 31, 1947, in contemplation of death. It was only another episode in a pattern of events that transpired over the years as his age advanced. From the time of his retirement from business and as his age advanced, he divested himself of parts of his property in favor of his son and granddaughter for the simple reason that he needed less and he desired to afford them security. It might be said that

he made this conveyance, which turned out to be his last, and the others that had gone before, in contemplation of old age, but that is a totally different thing from contemplation of death, and does not make the transfer taxable after his death. To make it taxable the conveyance must have been made in contemplation of death that is proximately imminent or the donor reasonably believes it to be imminent. Such was not the case here. From decedent's attitude he apparently had no more idea of the imminence of death than he did with relation to the transfers theretofore made. He serenely continued to take care of his affairs up to a month before his death.

The opinion of the court is that he did not make the transfer in question in contemplation of death and it is not taxable.

And now, April 18, 1951, it is ordered and decreed that the real estate described and designated in paragraph 6(a) of the appeal be deleted from the appraisement, and to that extent the appeal is sustained. In all other respects the appeal is dismissed. The register is directed to recalculate the tax accordingly and the costs of this proceeding are directed to be paid out of the estate.